# Richmond.

CAMP MANUFACTURING CO. v. COMMONWEALTH AND ANOTHER.

November 26, 1909.

Absent, Buchanan, J.

1. TAXATION—*Standing Trees—Assessment 1905—Act March 12, 1908—Constitutional Law.*—Where standing timber was properly assessed in 1905 in pursuance of section 171 of the Constitution, requiring the General Assembly to provide for the reassessment of real estate in the year 1905, and every fifth year thereafter, and the commissioner of the revenue, as required by section 509 of the Code (1904), merely followed that assessment in making out the land books for the year 1908, it is unnecessary to pass on the validity of the act of Assembly relating to that subject approved March 12, 1908, as the action of the commissioner was fully warranted by law independently of said act.

Error to a judgment of the Circuit Court of Brunswick county refusing to correct an alleged erroneous assessment of standing trees.   Petitioner assigns error.

*Affirmed.*

The opinion states the case.

*E. R. Turnbull, Jr.,* for the plaintiff in error.

*Wm. A. Anderson, Attorney General* and *E. P. Buford,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

This motion was brought by the plaintiff in error to obtain exoneration from the payment of taxes and levies on certain standing merchantable timber trees alleged to have been erroneously charged to the company on the land books of the

commissioner of the revenue for Brunswick county for the year 1908. From an order of the circuit court denying relief this writ of error was allowed.

The company insists that the assessment was made by virtue of an act of the General Assembly of March 12, 1908, which provides, among other things, that "the several commissioners of the revenue of this State shall, on or before the fifteenth day of May, 1908, and every year thereafter, specially and separately assess at the fair market value all mineral lands and the improvements, fixtures and machinery thereon, and all standing merchantable timber trees heretofore or hereafter sold and conveyed to parties not owning the surface within their respective districts, and shall enter the same on the land books, . . . . separately from other lands charged thereon, and shall extend the taxes upon said lands, improvements, fixtures and machinery, and said standing merchantable timber trees, assessed as aforesaid, at the rate fixed by law upon tangible property. . . ." (Acts 1908, ch. 220, p. 331.)

It is contended that this act is in conflict with section 171 of the Constitution of Virginia, which declares that "The General Assembly shall provide for a reassessment of real estate in the year 1905, and every fifth year thereafter . . ."

Virginia Code, 1904, sec. 437, provides for the appointment of assessors to assess the lands within the Commonwealth in the year 1905, and every fifth year thereafter, as contemplated by section 171.

Accordingly, in the year 1905, the assessors of Brunswick county assessed the standing merchantable timber in question, the validity of which assessment, as the basis of taxation until the reassessment to be made the fifth year thereafter, was sustained by this court in the case of *Commonwealth* v. *Camp Mfg. Co.,* 109 Va., 63 S. E. 978.

In making out the land books for the year 1908 on which these taxes were extended—as required by Va. Code, 1904, sec. 509—the commissioner of the revenue merely followed the assessment of 1905.

We are of opinion that the action of the commissioner was fully warranted by law, independently of the act of March 12, 1908, and consequently that the validity of the taxes would not be affected, even though the act should be declared unconstitutional. It is unnecessary, therefore, to pass upon that question in this case.

We find no error in the order of the circuit court, and the same is affirmed.

*Affirmed.*